Good morning, Your Honors. May it please the Court, Jerry Maynard. Counsel, just one second. We had this problem yesterday. Could the clerk, maybe it's just getting changed now, the clock wasn't running before. We need to get this starting up at 15 minutes, but have it running rather than not running. So if Kelly could switch that to 15 and then counsel could start again, please. Good morning, Your Honors. May it please the Court, Jared Gaynor on behalf of Foresters Life Insurance and Annuity Company, which I will refer to today as FLEAC. The Ninth Circuit in a case decided a little over a month ago, Small v. Allianz, which was designated for publication, is fully dispositive of the issues in this appeal. Although the small case was decided in the context of a motion for class certification, the Court's opinion in depth explored the legal requirements for a plaintiff to recover under California Insurance Code, Section 10113.71 and .72. Those are the same statutes that are involved in this case. So the only remaining claim, as I understand, is the declaratory claim, yes? Yes, Your Honor. And part of what the judge determined has been, in effect, overruled by Small, but part, namely that there was noncompliance with those California provisions, would still be good law, yes? No, Your Honor. Your Honor, the Court in Small, specifically in the context of a 23B2 class, and the underlying grant of summary judgment for declaratory relief for that class, found that under the circumstances of Small, which are identical to the circumstances here, that declaratory relief was inappropriate without finding, first, the elements of a breach of contract claim. And specifically, that entering declaratory relief without going through that breach of contract analysis would not provide full and final relief. But you would agree, would you not, counsel, putting aside for a moment the specifics of this case, that you can get declaratory relief without necessarily having to prove all the elements of an underlying claim. Isn't that correct? Depending on what the declaratory relief is. Right. So the problem here is that they're trying to get, basically, a breach of contract proven, and when you're going to do that, then you do have to prove the elements. Is that correct? Yes, Your Honor. The ultimate relief provided here was reinstatement. It was an order that compelled FLEAC to comply with the terms of the contract, to put the contract back and forth for us to accept six years of belated premium. That is a specific performance breach of contract remedy. And that was inappropriate here. I'm sorry, Judge Smith, did I cut you off? No, I appreciate your answer. I just, as a practical matter, let's assume for a moment that small is the mandate ultimately is issued, and that's the law of the case here. Is this something that has to be sent back to the district court, or is this something in light of the fact that she moved, her husband got the information, didn't send it on, and she got a new policy? Is that enough for us to decide the issue in light of small, or does this have to be sent back to the district court to analyze the facts? I think from a procedural standpoint, it would need to go back down. I think the facts are clear for my client to prevail, but we were not the movement for summary judgment. We're resisting a motion for summary judgment, so the only thing in front of the court here today is the grant of summary judgment to plaintiffs. So from a strictly procedural standpoint, I think the only thing the court can do would be to reverse that grant of summary judgment. Because the posture is a summary judgment, right? Correct, because the plaintiff was granted summary judgment. FLEAC did not move for summary judgment. Got it. Well, maybe I have this wrong. I thought there was ultimately a stipulation of the parties dismissing the breach of contract claim. In order to facilitate the ending of the case, the parties stipulated to the dismissal of the breach of contract and the UCL claims with prejudice. I don't know where that leaves plaintiffs, if this was to go back down for the type of relief that could be granted under a declaratory judgment claim. But that would be the posture that was faced. Well, following up on Judge Rakoff's question, though, if admittedly a declaratory relief action on a summary judgment basis, we may have to send it back to the district court. But if the breach of contract claim, and I think one other, was stipulated to be dismissed with prejudice, that's finalized. That's unlike the summary judgment. Could we not rule on that basis if small is applied? Yes, Your Honor. I think at that point, there would be nothing useful for the court to declare with the breach of contract and the UCL claims dismissed with prejudice. I'm happy to answer any other questions the court has. Otherwise, I would like to reserve the remainder of my time. All right, counsel. Thank you. We'll hear from Nathalie. Thank you, and good morning, Your Honors. This is Ben Cimino on behalf of the plaintiff in this case. I do want to jump in on this issue that I just heard, I think, a moment ago, Judge Smith, that you presented the idea that declaratory relief is something that you can establish without having to prove the elements of an underlying claim. And that's absolutely the case, and I think we shouldn't lose sight of that here. I'll touch on the breach of contract in a moment. Well, I don't know about it. Oh, sorry. Go ahead. No, go ahead, Judge Rakoff, please. I'm really unclear as to what's left in this case because the underlying breach of contract claim has been dismissed by stipulation. You've settled that. And under small, in effect, if there's going to be declaratory relief of the sort that was given here, it is because it's the equivalent of granting summary judgment. And now summary judgment on the underlying breach is irrelevant because you've settled the claim. So let's assume, arguendo, that we affirm, at least in part, the declaratory judgment that the court gave below and reverse it in part following small. What's left to be done? What's left to the case when it goes back? Well, what's left of the case to go back is, I mean, we are still in the position where we're searching for our policy. We want our policy reinstated. But, counsel, what's your cause of action, though? On what premise would you depend to get the relief you're seeking? Well, on the premise that we're entitled to a judicial declaration that the policy never lapsed. But you cannot have a declaratory judgment. It does not give you a substantive cause of action. That's the problem. You can't have a declaratory judgment absent some claim that underpins that judgment. I'm not sure that I agree with that premise, Your Honor. I mean, we have – Well, tell me a case that says that there can be a declaratory judgment without an underlying claim that is being declared. What case says that? I would direct the court to pages 8 and 9 of the – I'm sorry, Excerpt of Records, pages 8 and 9 of the district court's order, and then pages 11 and 12. And those – the cases there all stand for the premise that declaratory relief is a very typical and ordinary use of – in the insurance context to settle the rights and remedies of the parties to an insurance – Right, but it's predicated on a breach of the insurance contract. Well, it may be in the sense that you – it overlaps with the issues in a breach of contract context. But I don't think that you necessarily need a breach of contract claim in order to pursue a declaratory relief remedy. Well, that's why I'm asking you for a case that says in the absence of underlying cause of action, a declaratory judgment can stand alone as a basis for a remedy. Well, I think that derives from the very fact that there's statutes, both state and federal, that confer that right. Because if those – if declaratory relief, and what I'm hearing from the panel, is that declaratory relief is sort of incidental to a breach of contract claim, if that were true, then there would be no need to have, as we do in California and under federal law, separate statutes that permit parties to pursue declaratory relief. It would just be – Well, but the normal – first of all, you've already dismissed the state declaratory judgment action, so that's irrelevant. It's only the federal one that remains, correct? Yes, Your Honor, I'm just illustrating. And so, you know, the typical declaratory judgment situation is where someone thinks they're about to – there's a dispute and they're about to be sued, and so they want to not sit around and they want to get the issue into court, so they bring a declaratory judgment. This is nothing like that at all. Here, you had a breach of contract claim saying that the policy was still good and they breached their contract, and that was dismissed by agreement, by stipulation. So it's unclear to me what's left. And I guess I'm just pushing back on this premise that you actually have to have a breach of contract claim alleged in the case in order to give life to a dec relief claim. Let's assume, arguendo, that you're right. You can have declaratory relief without necessarily copycatting every element of an underlying claim. However, as Judge Rakoff just pointed out, in this case, you wanted a declaratory declaration that FLIAC failed to comply with the statutes in question, but you also wanted a determination that there was an improper termination of the policy, the policy remains valid, and so on. That's a contract claim. And as was pointed out, you all stipulated to the dismissal of that claim and the UCL claim. So I struggle with the same issue that my colleagues seem to be struggling with, which is, yeah, you can get a declaratory relief action in certain settings, but what you've asked for here does require a breach of contract claim, and you've dismissed that now. So it is finalized and presumably ripe for disposition if small is the controlling law. What am I missing? Yeah, I guess what you're missing is, I mean, let's take away the fact that the breach of contract claim was dismissed. I mean, if we had just filed this action and said, we're pursuing declaratory relief, we have an insurance contract, and under the terms of the contract, you cannot cancel this policy the way you did, and we want it reinstated, would that be fair enough? You've got two parts to that. If you just want to say that they didn't comply with the statute, that's one thing, and I would agree with you about that. But when you start looking for relief, reinstating the policy and so on without having to pay and so on, that's a different deal. That's not declaratory relief. That's a breach of contract claim, is it not? I'm not sure it is. And let me push back on that premise because this is one of the issues that continues to plague these cases, and I think plague small. We're focusing, when we say they did not comply with the statute, we're focusing on the X, Y, Z notice provisions they didn't comply with. But that's just the beginning. It's not the end of what they had to do under the statute. The statutes went on. The legislature added text and said you also cannot cancel a policy when you don't do those things. Because, again, let me take a step back. The legislature could have written these statutes one of two ways. One way is that they could have just listed the things that insurers must do in terms of notice, 60-day grace, send notices at 30 days and so on, and also give people a right to designate a third party to receive them. That's one way they could have written them, and that's the way the small panel seemed to read them. But there is another way that the legislature actually did, which is they added language that said if you don't do X, Y, and Z, you cannot cancel the policy. But we are bound by small, are we not? So, I mean, that's a nice argument. It was an argument made by the plaintiffs in small as well, but they lost. So, pulling back the curtain, I'm also counsel in small, and so a couple things on that, Your Honor. Number one, small is not yet final and it's not yet binding. Well, I'm sorry. No, no, my apologies. But you're about to file a motion for rehearing, is that right? That's correct. And what are your grounds for rehearing? That small was wrong in like eight different ways. I mean, it's really not even, I mean, you know, respectful to the panel, but obviously I'm sure they have thick skin by now. But, you know, it's just on every level, it's just wrong. Are you asking that instead the matter should be certified to the California court? I really think so. I mean, I think that would be the easiest solution for everyone, this court included. These are difficult questions. I think, frankly, the text, the California Supreme Court's comments, all of the intermediate appellate authority, the legislative record, et cetera, is very, very, very strongly in our favor. It almost couldn't be more strongly in our favor. But even putting that aside, clearly there is a lot of room for reasonable minds to disagree here. I mean, I think the Thomas decision and small shows that. I think all the district court split of authority shows that. And it's both a difficult question and it's one that has huge ramifications. And are you saying, when you say it's not final, are you saying and can you point to any case in any circuit in the United States where a panel has come down with a decision and a later panel says, oh, we can come out the opposite way or a different way because they're still pending a motion for rehearing? Point me to that case because I don't think there is such a case. Yeah, I think the closest case is the Carver case from this circuit where there was a panel that issued an opinion that went one way and it wasn't yet binding. And while that period was in place, one of the panelists died, unfortunately, and was replaced by someone who disagreed. And the dissent in the original panel opinion became the panel's opinion thereafter. I think that's the closest thing. Wow, that's a very distinct case. Yes, that's a very different case because the decision had not yet been filed. That's the difference there, I think. Once it's published, it's binding on us. And if there is a change in the law, then we would have to go with the change. But until the opinion is withdrawn, it's binding precedent. Well, I guess that's sort of the point. I mean, the opinion hasn't been withdrawn yet, but this court, obviously the members of this panel have the opportunity to issue an internal memorandum sort of calling that into doubt. And I think, again, there's very good reason to do so, and I'd be happy to elaborate on that. Counsel, let me ask you this. We obviously have different perspective on what we're bound by within the circuit. And Judge Rakoff has pointed out this is a nationwide issue. But arguendo, just arguendo. If Small remains good law, do you agree that your client loses? No, I don't agree that my client loses. Because? Because I think Small messed up this one critical issue that we touched on. I understand you don't agree with it. I'm saying if it remains valid law, doesn't your client lose? I don't think so. Why? And I want to be clear on this, because I think of this debt relief issue is a different issue than – Small was very much informed by this breach of contract filter. I think it was misapplied, but it was informed by it. And I don't think that that filter governs us here, because we're seeking – all we're seeking is really for the text of the statute to be given meaning. That's really it. I understand you construe it that way. But if the panel believes, and I think this is the law, that if you're asking for relief that can only come from a breach of contract or UCL claim, and the causation element has not been satisfied, since your client moved, didn't provide a new forwarding address, her ex-husband or husband got notice, didn't send anything on, and she was given an opportunity to reinstate the policy, didn't do it but a different policy. Certainly under small, that shows pretty clearly that the failure to comply with the statute, so let's just stipulate that they didn't, that you still lose. What am I missing? I see what you're saying. Yeah, so I think that if you're going to get into the causation question, which, of course, is not –  Well, yeah, so on the causation piece, which, again, I want to stress is not before us here. Sure it is. Sure it is. It's right in the middle. That's the focus of what we're stuck with. If small had not come along, we would have been dealing with a very different case, at least from this judge's perspective. That's what I was asking really from you is what's your response? How do you get away from small if it remains law? Yeah, so on remand, if we're remanded and we have to find a way to get away from small, my answer is that I think the causation question here is very fact-bound with the fact that Ms. Seno was dissatisfied with Forrester's handling. I mean, it's sort of a multi-layer issue. One, there was the breach of the statutory provisions. There was also some mishandling of the policy, and I think the combination of that very much dissuaded them from pursuing that coverage in the future, which is a way of saying that had they complied with the statutes, my clients would have had more confidence in them as an insurer. When you and your client agreed to the dismissal with prejudice of the breach of contract claim, weren't you saying, in effect, we're no longer contending that there was any breach of contract here, or we've at least settled that? I don't think so. I mean, we have to zoom out for a bit and remember why that came to be, and that came to be because we were being met with this argument from my friend on the other side that our breach of contract and declaratory relief claims were duplicative. And so we said, fine. If that's the case, if you're really forcing us into this world where these are duplicative avenues, then we pick the declaratory relief issue because that's the one that really gets us to where we want to go the fastest, which is please, Your Honor, give effect to the words of the statute that they cannot cancel this policy. That termination, that thing that they sent out, is not effective. It's void. And so we have the right to have our policy, and here's your back-due premium if that's what you want, and now we're good to go. And that's exactly what the law says. But you refused to pay the back premium and got a different policy anyway. How do you answer that? Well, you mean in the time when they… In other words, if I understand the facts correctly, the insurance company said, hey, we'll keep your policy in effect, but you've got to pay the back premiums. And your client, if I understand correctly, said, nope, not interested, and I'm getting a different policy, and did so. Is that wrong? Well, I think the ordering there may be a little bit different. I think that by the time they came around, we had gotten a different policy. But that doesn't necessarily excuse them from the obligation to honor a policy that we had because… But you insisted, if I understand correctly, that you not have to pay the back premiums. And I think it was like six years' worth, was it not? Something like that, Your Honor. Yes, that's correct. So where in the statute, even taking your construction of it, where in the statute does it say you can't cancel the policy, and by the way, during the disputed period, you don't have to pay any premiums? That's not in the statute. I didn't think so. The idea that we get the company reinstated without paying back due premium, that issue is not addressed in the statute. What the statute does do, though, which I think is probative here, is it says that the coverage continues even though there's been a nonpayment of premium. Who says that? That's in the statute, and that's certainly the way that the California Supreme Court in what we're calling McHugh 2 construed the statutes. It said that, that essentially at that point when the carrier violates the statutes, it cannot cancel the policy even for nonpayment of premium and coverage continues. What if we take your position and it goes back? What are your damages? Well, I'm not sure we're pursuing damages. I mean, the damage, the injury is that we lost the policy. No, but that's a nice abstraction, but are you saying that you're entitled, even if there was no injury whatsoever under Article 3 of the Constitution, you'd still have standing to bring an abstract argument? Absolutely. Did you suffer any damages? We suffered an injury and a loss of policy. I heard you say that three times now. Please answer. By damages, I mean money. Did you lose any money? Not yet. We will when the insured passes away and we're deprived of that. No, I thought you have a new policy. I'm sorry. We'll have a new policy. I thought maybe I misunderstood the facts here. I thought that you went and got a new policy with a different company. Yeah, and I'm not sure, candidly, if that coverage remains in place, but even if it does, it wouldn't change. I mean, you could double insure, and to answer your question directly, if you're looking for how are you out money damages, I'm telling you we'll be out money damages when the insured dies and we don't get the benefit from Forrester. So if we need money damages, we'll have them. On the Article 3 piece, Article 3 only exists in federal court, and if the premise is, well, this claim would be justiciable in state court but not federal because you don't have actual damages, even though, again, I think maybe we will, then the answer is not that these cases aren't viable. It's just that they're not viable in federal court. And if that's the answer, certainly we're happy with that. So would you stipulate then to dismissing this case in federal court because of no standing? I can't stipulate to that, but I would be willing to entertain that if my friends on the other side would waive any statute of limitation issue in state court so that it would be viable there. I think that would be a precondition to that. I do want to – What's your cause of action in state court when you've already stipulated to both the dismissal of your breach of contract and the stipulation as to your declaratory judgment under state law? I think that we would be able to pursue a deck relief action in state court under the federal statute. So when you dismiss with prejudice your claim in this case for asking for declaratory relief under state law, you say that's meaningless and you can bring another identical action in state court? I think that if this case was found to be non-justiciable under Article III, then we would be able to revive claims that – No, I'm just talking about your stipulation. Didn't you stipulate with prejudice to the dismissal of your state declaratory judgment cause of action? I don't know the answer to that, whether it was with prejudice or not. I also thought it was with prejudice. My recollection may be – I think it clearly was with prejudice, yeah. All right, counsel, you've greatly exceeded your time. Are there any other questions? All right, rebuttal. Thank you, Your Honors. The dismissal was with prejudice of the breach of contract, the UCL, and the state law declaratory relief claims. And just to put a little finer point on this, I mean this really is plaintiff's bed that they made for themselves. We have strongly opposed the grant of summary judgment on the declaratory relief for all of the grounds that were rejected in small. Once that summary judgment was entered, FLEAC contended there was remaining a tribal issue on the breach of contract claims and our affirmative defenses. Plaintiffs chose to dismiss those claims, the UCL claims, and everything else with prejudice. That was their strategic and procedural decision. And what it leaves this case with is an open federal declaratory relief claim that has been foreclosed by small. I believe small 100% mandates a reversal of the district court's order. Given the dismissal with prejudice of the breach of contract and UCL claim, I don't believe there is anything further that the court could declare in compliance with Article 3. I don't think there's anything left. I don't think there's anything to be decided in state court. So it follows from what you just said, if we agree with that. We don't send it back. We just reverse and that's the end of it. Yes, Your Honor. That is contrary, I believe, counsel, to what you originally said. I understood you to say that since it was a deck relief action that we would have to send it back to the state court, I mean back to the district court. But if I understand what we're all saying now is since the breach of contract, UCL, and state deck relief action were dismissed with prejudice, that's enough. We don't need to send anything back to the district court if small is controlling law. Is that your view now at this point? Yes, Your Honor. And I was thinking more from a procedural standpoint, whether it's a reversal and remand with instructions to dismiss or it is a reversal. But I gather you do take the position that given the fact, which I've recited to your opposing counsel, that we would have enough information without a whole lot of mental gymnastics to decide that small, that the causation element was not satisfied. Is that correct? Yes, Your Honor. I'm happy to address anything further. I know there were some points made about the underlying basis for small, whether the case was decided correctly. I, of course, believe it is 100% decided correctly. There is a motion, a joinder to a motion to certify a question that was filed in another panel. I don't think it's been ruled on in this case. I don't believe there's any reason to certify a question to the California Supreme Court. I'm happy to address any of the other questions. Just out of curiosity, and you may not know the answer wasn't part of this case, is there pending in, before the California Supreme Court, the issue that was decided in small because they chose for whatever reason not to certify, but it was certainly an issue that the California courts seemed to be divided on, as were district courts in this circuit. So there's a divide in the district courts in this circuit. There is not a divide within the California appellate courts on this issue. There is a line of cases relating largely to compulsory mandatory insurance in the automotive and specifically the highway carrier segment of insurance, which is very, very different than life insurance, that addresses what is required to terminate coverage, but that is a different statutory framework that has no application to the life insurance framework, and I'm happy to go into all of the reasons why that is the case. The only case in the California appellate courts that directly addresses these issues was in McHugh 3 after the California Supreme Court's ruling in McHugh when it went back down, the intermediate court rejected the same arguments that were advanced by the plaintiffs here and advanced by the plaintiffs in small and sent the case back down to the trial court for a trial that included an instruction on causation, and in trial that plaintiff proved causation and recovered. If I understand this correctly, as you well know, we can make decisions about California law if the state courts of appeal, particularly if influenced by California Supreme Court rulings, telegraph what the ruling is going to be, and there seems to be no evidence to the contrary that we can make that decision. I know there was a dispute among our district courts, but that doesn't control in this instance, but I thought Judge Tolan basically followed our normal procedure here saying this is what we think the courts would do and that's perfectly binding on our court. Do you agree with that?  This was, you know, in contrary. Well, I don't know. The reason I read it was really a matter of course. Could you let him answer, though, please? I want to hear the answer to that.  Sorry. That's all right. Contrary to my good friend across the aisle, I don't think this is a difficult question. The life insurance policy is a contract between an insurer and an insured, and nothing about these statutes changes how you, a court, should adjudicate a breach of contract case, and that's all really that needs to be done to analyze California law and say is there a reason why California, we're to believe that a California courts would completely disregard the elements of a breach of contract claim or not allow any affirmative defenses to claims that you would just say as soon as you prove a violation, as soon as you prove a breach, we proceed directly to a remedy. I don't think that is a difficult question, and I don't think Judge Tolman or that panel struggled with saying no, this is an ordinance, we don't have any reason to believe the California Supreme Court wouldn't apply ordinary contract principles here. We understand there's some property, we understand there's some auto cases out there that have some language, but we don't think those would influence how the California Supreme Court would rule here, and, in fact, the McHugh, McHugh 3, the appellate court looked at those cases and said those are inapplicable. This is a life insurance policy. We're going to go look at this, and I understand McHugh 3 was not designated for publication, but it is still authority that should influence the court and did influence Judge Tolman on how the California Supreme Court would likely rule. All right. Judge Rakoff, you had a question? No, no, I was just, I was, my question was simply a curiosity of whether, in fact, there was, moving up through the California courts, the same issue that was in small or not, and I take it for you, so far as you're aware, the answer is no. So far as I'm aware, no. I mean, I'm aware there are state trial court claims on, under these statutes, but I'm not aware of anything that is presently in front of a California appellate court. I'm, my knowledge may be incomplete, but I'm not aware of it. The reason I ask this question is if there was something that was, you know, imminent that might be coming down from a California state court, it's ultimately a question of California law. We might then hold off deciding this case until the California court decided it, but if there's nothing out there, then that's no reason to delay. Now, as far as I know, there's nothing out there. Okay. That's what opens. And I gather, you know, we, of course, occasionally you certify questions to the California Supreme Court, which is pretty, pretty nice about it, but it usually takes two to three years at a minimum to get a decision if they do accept it. And given their enormous backlog and workload, I expect nothing different from this case. Sometimes we wait two or three years and they say no. Right. Well, the only solution is for them to invite federal district court judges from New York to sit there by designation. There you go. Especially if the weather's bad in New York. All right, counsel. Anything else? All right. Thank you. Thank you both counsel for your helpful arguments. The case just argued is submitted for decision by the court.
judges: RAWLINSON, SMITH, Rakoff